Houghton *v.* Maynard.

## GEORGE T. HOUGHTON *vs.* JOSEPH W. MAYNARD.

A certificate of discharge under 'the insolvent laws of this state is no bar to an action by a citizen of another state on a negotiable promissory note made here, specifying no place of payment and indorsed in blank ; although the plaintiff produces no evidence except the note.

ACTION OF CONTRACT on this promissory note, signed and indorsed by the defendant: " $350.00.    Boston, March 10th 1853. Two months after date I promise to pay to the order of myself three hundred and fifty dollars, value received." Writ dated June 23d 1853.    Answer, 1st, that the note was fraudulently obtained from the defendant by John B. Hoogs, and that the plaintiff took it without consideration ; 2d, a certificate of discharge under the insolvent laws of this commonwealth, from all debts due on the 17th of September 1853.

At the trial in the court of common pleas, it was admitted that long before the making of the note, and ever since, the plaintiff had resided in Providence, in the State of Rhode Island, and the defendant in Boston, and that the defendant had obtained such a certificate of discharge in the usual form.

The only testimony introduced by the defendant was that of one witness " that the note in suit was originally given to one Hoogs, to be discounted ; and that said Hoogs got the money on it."

Upon these facts, *Mellen,* C. J. held that the plaintiff had made out a *prima facie* case ; and instructed the jury to find a verdict for the plaintiff, which they did ; and the defendant alleged exceptions.

*M. G. · Cobb,* for the defendant, admitted that it was the settled law of this court, that a negotiable promissory note made in this commonwealth, without any specified place of payment, and negotiated in good faith before maturity to a citizen of another state, was not affected by a discharge under the insolvent law, unless the creditor elected to prove his claim ; but contended that the burden of proof was on the plaintiff to show that he held the note in good faith at its maturity ; and that this fact

˙vas not conclusively to be presumed from the mere possession ɔf the note at the time of the trial, or at the date of the writ, but should have been submitted to the jury upon the evidence. *Peaslee* v. *Robbins,* 3 Met. 164.

*G. K. Crockett,* for the plaintiff.

DEWEY, J. The only defence relied upon in the present case is a certificate of a discharge under the insolvent laws of the Commonwealth. It is conceded by the counsel for the defendant that a negotiable promissory note made in this commonwealth, without any specific place of payment, and negotiated in good faith to a citizen of another state before its maturity, is such a contract as will not be affected by such discharge. *Savoye* v. *Marsh,* 10 Met. 594. *Clark* v. *Hatch,* 7 Cush. 455. *Dinsmore* v. *Bradley, ante,* 487.

This note was not made payable at any particular place, and therefore, upon its negotiation, was payable to the indorser wherever he might reside. The plaintiff, at the time of the indorsement and ever since, resided in the State of Rhode Island. In the absence of evidence the indorsement is to be taken to have been made at the date of the note, and to the person in whose possession the note is. There was nothing shown in the present case to affect the general principle applicable to indorsed notes, or to require further proof on the part of the plaintiff on these points. *Exceptions overruled.*